IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rooterman, LLC | ) |
|         *Plaintiff,* | ) |
| v. | ) Civil Action No. 1:24-cv-13015 |
| Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD and 911 Sewer & Drain Corporation. | ) |
|         *Defendants*. | ) |

**VERIFIED COMPLAINT**

Plaintiff Rooterman, LLC, by its attorneys, O'Hagan Meyer, LLC, for its Verified Complaint ("Complaint") against Defendants, Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD, and 911 Sewer & Drain Corporation, hereby alleges as follows:

**INTRODUCTION**

1. This is a case for trademark infringement and violation of post-franchise restrictive covenants. Specifically, defendants are using, without permission or approval, the "Rooterman" trademarks by, *inter alia,* their use of the website www.rootermanplumberservices.com for over two months post-termination.[1] See Exhibit A hereto. Plaintiff, the owner of the Rooterman brand since 2022, is the lawful holder of such trademarks as demonstrated herewith. See Exhibit B hereto. Plaintiff's actual Rooterman website is www.rooterman.com. Defendant Belegu was warned on

---

[1] Following a failed mediation on December 4, 2024, Respondents have now disabled this website. However, the website now directs users to another of Respondents' websites, 911sewerdrain.com. Thus, it is reasonable to conclude that Respondents continue to use the Rooterman trademarks to direct traffic to their entity 911 Sewer & Drain.

September 16, 2024 and on November 13, 2024, to cease and desist, but did not do so (<u>but see</u> Note 1 <u>supra</u>). In fact, defendant Belegu has been, individually, and through the corporate defendant, brazenly and unfairly competing not just through his use and misuse of Plaintiff's trademarks, but through the violation of his restrictive covenants, which all survived the termination of his franchise agreements. Plaintiff seeks injunctive and monetary relief as a result.

## PARTIES

2. Plaintiff is the successor in interest to A. Corp.'s (a Massachusetts Corporation in Billerica) ownership of the "Rooterman" intellectual property rights, and plaintiff, Rooterman, LLC ("Rooterman") now owns all of those rights.

3. Plaintiff acquired the Rooterman assets of A. Corp. from Donald MacDonald by way of an asset purchase agreement dated January 20, 2022 ("APA").

4. Defendant Klodian Belegu ("Belegu") is a former Rooterman franchise owner, and upon information and belief, he resides in Toms River, New Jersey. He is the sole owner of defendant, Quality Air Care Corporation, a New Jersey Corporation, through which he also purchased franchises, but which purchases were guaranteed by him individually.

5. Belegu is also the sole owner of the defendant corporation, RM Water Damage Restoration LTD which was established and registered with the New Jersey Secretary of State in December 2022. He is also the sole owner of 911 Sewer & Drain Corporation, https://911sewerdrain.com/, incorporated in New Jersey on February 8, 2024, which has competed, and looks to directly compete (and is currently apparently trying to franchise its brand to further compete with Rooterman). As set forth below, Belegu is using these entities in violation of his

contractual and legal obligations and, therefore, 911 Sewer & Drain, and RM Water Damage Restoration are liable as well.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction arising from the claims asserted herein, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court can exercise supplemental jurisdiction over the contract claims that arise out of the same transactions and occurrences under 28 U.S.C. § 1367.  Moreover, the franchise contracts between the parties call for the application of Massachusetts law, where A. Corp. was based and multiple franchisor services were performed for Belegu/his entities; such franchise contracts also required court actions (if any) to be brought in a proper Massachusetts court. As such, personal jurisdiction and venue is proper in this district.

## FACTS

7.      Rooterman has used its trademarks continuously in United States commerce since August 2, 1991.

8.      Rooterman has hundreds of locations, and its services have attained a substantial amount of sales throughout the United States.

9.      As the result of Rooterman's extensive and exclusive use of the Rooterman trademarks and wide-ranging national marketing efforts, the Rooterman trademarks are widely recognized by the general consuming public of the United States. The consuming public in the

United States uses the Rooterman trademarks to identify Rooterman's services and associates the mark exclusively with Rooterman.

10.     The Rooterman trademarks are distinctive and famous within the meaning of 15 U.S.C. § 1225(c).

11.     Belegu became a multi-unit franchisee of A. Corp. buying a total of thirteen (13) franchise territories from September 2019 to January 2021: 9 territories in New Jersey, 3 territories in New York and 1 in Pennsylvania. Certain of these were purchased through his corporation, which he solely owned, defendant Quality Air Care Corporation, but when Belegu purchased franchises through such corporation, he personally guaranteed the obligations of the franchise.

12.     Belegu's 13 franchise agreements with Rooterman are summarized as follows:

(i)     A franchise agreement for the "Ocean County" territory in New Jersey, signed by Belegu and his corporation, Quality Air Care Corporation, September 5, 2019 ("NJ-1").

(ii)    A franchise agreement for various zip codes in the counties of Essex, Monmouth, and various other counties in New Jersey, signed by Belegu in June 2020 ("NJ-2").

(iii)   A franchise agreement for the "Morris County" and "Passaic County" territories in New Jersey, signed by Belegu in August 2020 ("NJ-3").

(iv)    A franchise agreement for additional zip codes in Monmouth County and Ocean County New Jersey signed by Belegu and his corporation, Quality Air Care Corporation, in January 2021 ("NJ-4").

(v)     A franchise agreement for various zip codes in the "Hudson County" and "Essex County" territories in New Jersey, signed by Belegu and his corporation, Quality Air Care Corporation, November 2019 ("NJ-5").

(vi)    A franchise agreement for "Somerset County" and for various zip codes in "Middlesex County" in New Jersey, signed by Belegu and his corporation, Quality Air Care Corporation, November 2019 ("NJ-6").

(vii)   A franchise agreement for various zip codes in the "Hudson County" and "Essex County" territories in New Jersey, signed by Belegu and his corporation, Quality Air Care Corporation, December 30, 2020 ("NJ-7").

(viii)  A franchise agreement for additional zip codes in the "Middlesex County" territory in New Jersey, signed by Belegu on December 30, 2020 ("NJ-8")

(ix)  A franchise agreement for the "Bergen County" territory in New Jersey, signed by Belegu and his corporation, Water Damage Solution of Bergen LLC in February 2020 ("NJ-9")

(x)  A franchise agreement for various zip codes in the "Rockland County" territory in New York, signed by Belegu in December 2020 ("NY-1")

(xi)  A franchise agreement for the "West Chester County" territory in New York, signed by Belegu and his corporation, Quality Air Care Corporation, September 2019 ("NY-2").

(xii)  A franchise agreement for various zip codes in the "Richmond County" territory in New York, signed by Belegu in June 2020 ("NY-3")

(xiii)  A franchise agreement for various zip codes in the "Bucks County" and "Montgomery County" territories in Pennsylvania, signed by Belegu in June 2020 ("PA-1")

All of Belegu's (or his solely owned entity, Quality Air Care Corporation's) franchise agreements contained identical relevant terms addressed herein, and one sample copy is attached hereto as Exhibit C.

13.  By notice dated September 16, 2024, all 13 franchise agreements were terminated as a result of default, following a default notice sent to Belegu on August 12, 2024, for his failure to pay royalties and other fees.

14.  Belegu (and/or his applicable entity) failed to return any operations manuals or other confidential, proprietary and trade secret materials to Plaintiff upon the termination of the franchisees.

15.  Moreover, Plaintiff has become aware of Belegu misusing the Rooterman trademarks and competing in violation of the exclusivity/non-competition/non-solicitation/confidentiality protections in his franchise agreements. Specifically, Belegu does so

through a company that goes by the name above, RM Water Damage Restoration LTD and/or 911 Sewer & Drain. Exhibit A hereto details flagrant violations and misuse of numerous trademarks identified as owned by Plaintiff in Exhibit B using the website, www.rootermanplumberservices.com.

16. Belegu notably applied to register a trademark for 911 Sewer & Drain on or about April 8, 2022, within a few months of Plaintiff's acquisition of A. Corp's interest in Rooterman. See Exhibit D hereto. The 911 Sewer & Drain mark was first used in commerce on or about February 26, 2024, just before Belegu (and/or his applicable entity) began a continued failure to pay applicable royalties and fees under such franchise agreements.

17. The website for 911 Sewer & Drain, www.911sewerdrain.com, also contains blog posts dating back to August 10, 2023. See Exhibit E, hereto. Notably, a 911 Sewer & Drain post, dated February 7, 2024, states: "For comprehensive water damage restoration and emergency response services in New Jersey and New York, trust the expertise of 911 Sewer & Drain." See Exhibit F, hereto.

18. As such, it is reasonable to conclude that Belegu (and/or his applicable entity) began diverting customers, misusing and misappropriating confidential information and trade secrets, and competing directly with Rooterman well before the Franchise Agreements were terminated.

19. Belegu (and/or his applicable entity) as franchisee was obligated to completely disassociate from the franchise and not use any trademarks of the franchise whatsoever, but has failed and refused to do that. See Exhibit C Section 16(A)-(B). Belegu (and/or his applicable entity)

#5479620v1

was also obligated to return all proprietary manuals and materials that belonged to the franchisor as well, but failed and refused to do that. Id. at Section 16(C); see also id. at Section 12.1.B.

20. Each of Belegu's (or Quality Air Care Corporation's) franchise agreement carried a 3-year non-competition/non-solicitation restriction, and the area applicable was within 100 miles of the territory of the franchise and 100 miles of the territory of any other franchisee. See Exhibit C, Section 18.1. Each franchise agreement provided protections for the confidential information/trade secrets of the franchise system, as well as the mandate that these materials be returned upon termination. See Exhibit C Section 18.2, 16.C

21. Pursuant to Section 18.1 of the Franchise Agreements:

"Franchisee agrees that from the date hereof until 3 years following the termination of the Franchise for whatever reason and expiration, neither Franchisee nor any of his family members or its officers, directors, other key personnel, employees or stockholders, if applicable, shall directly or indirectly engage in, hold any interest in, or be involved in any way with any of the services comprising the A Corp. System."

22. Rooterman provides a variety of plumbing, sewer, and drain cleaning services, including emergency plumbing services, drain cleaning, sewer line repair and replacement, water heater repair and installation, toilet repair and installation, garbage disposal repair and installation, sump pump repair and installation, leak detection, waterproofing, water softener repair and installation, and pipe repair and replacement, among other services. See *Services*, Rooterman, https://www.rooterman.com/services/ (last visited Dec. 16, 2024).

23. Belegu (and/or his applicable entity) have and continue to be directly engaged in services comprising the Rooterman System. According to its own website, 911 Sewer & Drain provides services such as emergency plumbing services, drain cleaning, sewer line repair and

7

replacement, water heater repair and installation, toilet repair and installation, garbage disposal repair and installation, sump pump repair and installation, leak detection, and pipe repair and replacement, among other services. See Exhibit G hereto.

24. According to its own website, 911 Sewer & Drain conducts business throughout the state of New Jersey and in New York. See Exhibit F. This is a clear violation of the non-compete/non-solicitation restrictive covenants in the Franchise Agreements because these services are rendered within the restricted area.

25. Moreover, the 911 Sewer & Drain website further advertises Franchise Opportunities. The website states, in relevant part: "Join a thriving network of motivated entrepreneurs who have discovered the lucrative business of sewer and drain services along with water damage restoration. With our robust support system and industry expertise, you'll be equipped to excel and build a thriving business." See Exhibit G.

26. Pursuant to Section 19.7 of the Franchise Agreements, Franchisee is required to reimburse Franchisor for all of its reasonable attorney's fees, court costs, and expenses incurred in connection with Franchisor's action to enforce its rights under the Franchise Agreements.

27. Belegu (and/or his applicable entity) have been, since termination, flagrantly engaged in the identical business they were engaged in as franchisees of Rooterman, with no changes, and pervasive throughout the restricted territory. This is not just a trademark violation; it is a violation of the non-compete/non-solicit/misuse of confidential information and trade secrets inherent in the franchise. These trade secrets include, without limitation, the franchisor's methods of operation, pricing, customers, prospects, marketing and advertising plans and methods, and

other sensitive and proprietary matters that Belegu would only know due to his former franchisee status.

28. Defendant Belegu, individually and through his companies, continues to use Rooterman trademarks and other intellectual property and while Exhibit A is one substantial such misuse, other misuses include, without limitation:

    a. https://x.com/rootermannj

    b. https://maps.app.goo.gl/d8x4Y4eMCPXoSZ46A

    c. https://www.yelp.com/biz/Rooterman-of-nj-toms-river

    d. https://www.homeadvisor.com/rated.RooterMan.130537299.html

29. Belegu uses the Rooterman marks and names unlawfully to also direct consumers to his competing businesses. The Facebook and Google pages for 911 Sewer & Drain were created on former Rooterman pages, and still contain references to the Rooterman marks and names. See Exhibit H hereto; See Exhibit I hereto. It is reasonable to conclude that a consumer would believe that there is a connection between 911 Sewer & Drain and Rooterman.

30. Further, it is even notable, curious and questionable that Belegu has chosen "RM" (the initials of Rooterman) to lead his company's name, RM Water Damage Restoration. This RM is one of Plaintiff's franchise marks as well. See Exhibit B.

31. Belegu even employs persons who hold themselves out as working for his company, and that this company is "d/b/a Rooterman". See Exhibit J hereto.

32. In no uncertain terms, Belegu was warned to cease and desist and to undertake all of his post-termination covenants referenced herein, by termination letter dated September 16, 2024. See Exhibit K hereto. Through at least December 4, 2024 (see Note 1 supra), Belegu failed

and refused. Upon information and belief, even if Belegu has taken some steps to comply since that time, he has not taken all step to comply.

### Count I: Violation of 15 U.S.C. § 1125 (all Defendants)

33. Plaintiff repeats the allegations set forth above and below as if fully contained herein.

34. Belegu's and/or his entities' service marks and infringing domain names are identical or extremely similar to the famous Rooterman trademarks.

35. Belegu and/or his entities knowingly and willfully had and has a bad faith intent to profit from the use of infringing domain names and the goodwill associated with the Rooterman trademarks.

36. Belegu and/or his entities knowingly and willfully registered, renewed, and/or used infringing domain names, with content on the domains which are identical to, and/or confusingly similar to, the Rooterman trademarks in Exhibit B, which were distinctive and famous at the time of registration and renewal of the infringing domain names.

37. Belegu and/or his entities had a bad faith intent in using the infringing domain names as evidenced by at least the following:

    a. Belegu, as a former franchisee, knew of the A-Corp's trademark rights in the Rooterman trademarks;

    b. The infringing domain and use of trademarks on it are identical or nearly identical to the Rooterman trademarks; and

    c. Belegu and/or his entities intended to divert consumers seeking Rooterman's online location at rooterman.com to the infringing domain names by

10

creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the sites at the infringing domain names.

38. Belegu's and/or his entities' use in commerce of the Rooterman trademarks and similar marks is likely to cause confusion, mistake, or deceive the public into believing that the infringing domain names, websites, and advertisements are authorized, sponsored or approved by Plaintiff.

39. Belegu's and/or his entities' activities in registering, renewing, and/or using the infringing domain names are in violation of 15 U.S.C. § 1125(d).

40. Belegu's and/or his entities' registration and use of the infringing domain names, and use of the infringing service marks, is greatly and irreparably damaging Rooterman and will continue to damage Rooterman, which has no adequate remedy at law, and which will continue until preliminarily and permanently enjoined by this Court.

41. Belegu's and/or his entities' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

42. As a direct and proximate result of Belegu's acts of unfair competition, Belegu and/or his entities' have unfairly acquired and will continue to unfairly acquire income, profits and goodwill.

43. Belegu's and/or his entities' unauthorized use of the Rooterman trademarks in the sale, advertising, and promotion of its goods and services causes dilution by blurring the distinctiveness, strength, and value of the famous Rooterman trademarks.

44. Belegu's and/or his entities' unauthorized use of the Rooterman trademarks, as alleged herein, with knowledge of Rooterman's famous mark, constitutes a willful intent to trade

on the reputation and recognition of the famous Rooterman trademarks in violation of 15 U.S.C. § 1125(c).

45. Belegu's and/or his entities' actions in violation of 15 U.S.C. § 1125 are willful and in wanton disregard of the Plaintiff's rights in the Rooterman trademarks.

**Count II: Violation of 15 U.S.C. § 1114 (all Defendants)**

46. Plaintiff repeats the allegations set forth above and below as if fully contained herein.

47. Plaintiff's federally registered Rooterman trademarks are distinctive marks that are associated with Rooterman and exclusively identify Rooterman's services to consumers. Plaintiff's federally registered Rooterman trademarks are distinctive and signified Rooterman as a source of services before Defendant used a reproduction, copy, or colorable imitation of the Rooterman trademarks.

48. Belegu and/or his entities' have used and continues to use the Rooterman trademarks or confusingly similar marks in its domain name, websites, and advertising for goods or services in commerce. This use is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services. Belegu's and/or his entities' actions constitute service mark infringement under 15 U.S.C. § 1114.

49. Belegu's and/or his entities' uses of the Rooterman trademarks are likely to cause initial interest confusion among users and potential users of Rooterman's services.

50. Belegu's and/or his entities' uses of the infringing service marks are greatly and irreparably damaging Rooterman and will continue to damage Rooterman, which has no adequate remedy at law, and which will continue until preliminarily and permanently enjoined by this Court.

51. Belegu's and/or his entities' actions in violation of 15 U.S.C. § 1114 are willful and in wanton disregard of the Plaintiff's rights in the Rooterman trademarks.

## Count III: Breach of Contract

52. Plaintiff repeats the allegations set forth above and below as if fully contained herein.

53. Plaintiff has 13 valid contracts with Belegu or his solely owned entity, Quality Air Care Corporation, acquired by and assigned to Plaintiff, reflected by the Franchise Agreements, each in the form of Exhibit C.

54. Belegu breached or violated his contract(s) by, either directly or through the Defendant entities, using Plaintiff's confidential and trade secret information post-termination, by failing to return proprietary and confidential materials to Plaintiff, by competing with Plaintiff post-termination (and, perhaps, pre-termination, as discovery may reveal), by soliciting Plaintiff's customers for Defendants' own separate business, and by failing to disassociate from Plaintiff's trademarks (and in contrast, continuing to associate with them and misuse them).

55. As a result of these breaches of contract, Plaintiff suffered, and continues to suffer, ongoing damages in an amount to be proved at trial.

## VERIFICATION

I, Nathan King, General Counsel for Plaintiff, hereby state under oath, this 16th day of December, 2024, and under the pains and penalties of perjury, that I have personal knowledge of the facts above, and as to the accuracy of the exhibits hereto and representations about them. The above is true and correct to the best of my knowledge.

*[signature]*

Nathan King

#5479620v1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD and 911 Sewer & Drain Corporation as follows:

A. A finding that Belegu and/or the Defendant entities have violated 15 U.S.C. §§ 1114 and 1125 by the acts complained of;

B. A finding that Belegu and/or the Defendant entities have breached contracts that Belegu and/or Quality Air Care Corporation entered in the ways set forth above;

C. Belegu, his principals, agents, servants, employees, attorneys, successors, assigns, and all persons in privity, active concert or participation with them, be temporarily, preliminarily, and permanently enjoined as follows and as permitted by such statutes above, as well as 15 U.S.C. § 1116:

   a. From registering and/or using any domain name containing the words "ROOTERMAN" or any other confusingly similar words or phrases that infringe on the trademarks of Plaintiff in Exhibit B to the Complaint;

   b. From imitating, copying or making unauthorized use of the distinctive Rooterman trademarks, trade names, and any other confusingly similar marks in Exhibit B to the Complaint;

   c. From using any false designation of origin or false description which does, can, or is likely to, lead the trade or public to believe that any products, services, or materials, distributed or sold by Defendants, is in any manner associated or

  connected with Rooterman, or is offered, sold, manufactured, licensed, sponsored, approved, published, or authorized by Rooterman;

d. From engaging in any activity constituting an infringement of the Rooterman trademarks or trade names or Plaintiff's sole rights to use or exploit the same;

e. From affixing, applying, annexing and/or using in connection with any accessories, clothing and other related goods and services any false designation of origin or any false description or representation of the Rooterman trademarks or trade names or Plaintiff's sole rights to use or exploit the same; and

f. From violating any restrictive covenants, including the non-competition and non-solicitation covenant identified above.

D. And, further, that Belegu, his principals, agents, servants, employees, attorneys, successors, assigns, and all persons in privity, active concert or participation with them, be Ordered to affirmatively:

a. take immediate steps to transfer his infringing domain names, such as but not limited to, www.rootermanplumberservices.com to Plaintiff along with any others it may have registered that include the word "ROOTERMAN" or any other confusingly similar words, no later than within five (5) business days of this Court's Order;

b. take immediate steps to transfer telephone numbers and any other third party or public references previously associated with any of Belegu's operations that utilized the Rooterman trademarks and trade names to Plaintiff, no later than within five (5) business days of this Court's Order.

    c. take immediate steps to return all manuals, proprietary, confidential or copyrighted materials of Plaintiff to Plaintiff, no later than within five (5) business days of this Court's Order.

    d. take immediate steps and best efforts to direct others, such as employees like those identified in Exhibit J to the Company, to take-down, remove, and cease and desist claiming association with the Rooterman name, and report back to the Court with a Declaration under 28 U.S.C. Section 1746 no later than within five (5) business days of this Court's Order on the efforts taken in that regard.

    e. take immediate steps to preserve the status quo, retain and not destroy all individual records and all corporate records of Quality Air Care Corporation, and all records of RM Water Damage Restoration LTD and 911 Sewer & Drain Corporation, such that all of them can provide a complete and accurate accounting of all revenues derived since their organization and incorporation in New Jersey, and also since the termination of the franchise agreements, for purposes of calculating damages on the Counts in this Complaint.

E. For Defendants' violations of 15 U.S.C. §§ 1114 and 1125, Plaintiff be awarded statutory damages under 15 U.S.C. § 1117 per violation, as the Court considers just, and premised upon an accounting of all revenues derived from the using and misusing of Plaintiff's trademarks in Exhibit B to the complaint; and that, upon an award of damages, damages be trebled under 15 U.S.C. § 1117 because of the willful and egregious nature of Defendants' activities;

F. Award Plaintiff its costs in this action;

G. Award Plaintiff treble damages and/or statutory damages, as well as its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and attorneys' fees for Plaintiff needing to enforce its rights under the franchise agreement; and

H. Grant Plaintiff all other relief to which it is entitled and such other or additional relief as this court deems just and proper.

I. Cease and desist from using and misusing of Plaintiff's trademarks in Exhibit B to the complaint.

J. Such other and further relief this Court deems necessary and proper.

Respectfully submitted,

ROOTERMAN, LLC

By its Counsel,

Dated: December 16, 2024

*Jeffrey M. Rosin*

Jeffrey M. Rosin, BBO# 629216
O'HAGAN MEYER, PLLC
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: (617) 843-6800
Fax: (617) 843-6810
jrosin@ohaganmeyer.com

#5479620v1