# Exhibit A

Declaration of Klodian Belegu

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rooterman, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD and 911 Sewer & Drain Corporation.<br><br>             Defendants. | Civil Action No. 1:24-cv-13015<br><br>**<u>DECLARATION OF<br>KLODIAN BELEGU</u>** |

I, Klodian Belegu, hereby declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. I am a Defendant in the above-captioned matter. I make this declaration for myself and on behalf of Defendants Quality Air Care Corporation, Water Damage Restoration, Ltd. f/k/a RM Water Damage Restoration, Ltd., and 911 Sewer & Drain Corporation in compliance with the Court's Order dated January 29, 2025 (ECF No. 23) and 15 U.S.C. § 1116(a), which requires me to detail the efforts that my co-Defendants and I have taken to cease using the alleged ROOTERMAN trademarks that Plaintiff is accusing Defendants of infringing in its First Amended Complaint (ECF No. 7).

3. Prior to receipt of the Court's Order, I began taking the necessary steps that would comply with it, and while I contest the validity of Plaintiff's claims, I have taken all necessary steps to ensure that my co-Defendants and I are no longer using alleged Plaintiff's marks and the information that Plaintiff claims is confidential, proprietary, and/or a trade secret.

4. My co-Defendants and I have stopped using the <rootermanplumberservices.com> domain name for any and all purposes. In fact, the registration for the domain name has expired, and my co-Defendants and I will not be renewing it, leaving us unable to use it for any purpose whatsoever. When an internet user navigates to the website associated with that domain name today, they will see a generic parking page and will not see any content associated with Defendants' business or services.

5. The domain name(s) that we currently use to advertise and market our services, <911sewerdrain.com>, do not contain Plaintiff's marks, or any terms confusingly similar or related to Plaintiff's marks.

6. My co-Defendants and I have additionally ceased all use of Plaintiff's marketing materials. None of the marketing materials that we currently use imply or suggest any relationship or affiliation with Plaintiff, and I am happy to provide the Court with examples of these materials if the Court wishes me to do so.

7. My co-Defendants and I have returned all operation manuals and all other franchise materials that Plaintiff claims are confidential, proprietary, and/or a trade secret. The one exception is that we have not transferred the telephone numbers identified in a list provided in writing to my attorneys on January 31, 2025. It is our contention that our agreements with Plaintiff do not require us to transfer those specific telephone numbers, and it is my understanding that the Court's Order did not require Defendants to return them.

8. My co-Defendants and I are not using Plaintiff's alleged ROOTERMAN marks in connection with internet advertisements, listings, and all domains. We do not hold ourselves out as a franchisee of Plaintiff, and we have stopped all use of the alleged ROOTERMAN marks, color combinations, designs, symbols, and slogans.

9. My co-Defendants and I have ceased all use of Plaintiff's alleged marks and have taken all necessary steps to comply with the Court's Order. If this Court requests any additional information from me to demonstrate that Defendants have completely ceased all use of Plaintiff's alleged marks and claimed confidential, proprietary, and trade secret information, I am happy to provide it.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2-27-3025         By: _____
                              Klodian Belegu