IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rooterman, LLC <br><br> *Plaintiff,* <br><br> v. <br><br> Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD and 911 Sewer & Drain Corporation. <br> *Defendants*. | Civil Action No. 1:24-cv-13015 |

**PLAINTIFF'S MOTION THAT WITNESS, TRAVIS HERSHNER, BE DIRECTED TO REFRESH HIS RECOLLECTION AND ANSWER A QUESTION AT HIS DEPOSITION**

Plaintiff, Rooterman, LLC ("Plaintiff"), hereby moves to require a witness, Travis Hershner, the plumbing manager for defendants RM Water Damage Restoration LTD ("Water Damage Restoration LTD") and 911 Sewer & Drain Corporation, to refresh his recollection and answer a question he was instructed not to answer at his deposition. Mr. Hershner's deposition commenced this morning, April 2, 2025. Briefly stated:

1. This Court Ordered expedited discovery on January 29, 2025.

2. Mr. Belegu was deposed on March 12, 2025, which deposition was delayed until after Mr. Belegu had a 30 day period to file a Declaration as Ordered by the Court on January 29, 2025. At his deposition, while Mr. Belegu could not remember the names of his employees generally, and only remembered certain first names, he testified that Travis Hershner was his plumbing manager.

3. Mr. Hershner's deposition commenced this morning, April 2, 2025.[1]

---
[1] Parties reserved all objections, except as to form at the start of the deposition.

#6031322v1

4. Mr. Hershner testified that he could not remember the last names of three plumbers who have reported to him since approximately last summer, but only their first names. However, their full names were on a piece of paper in his office next door. At a break, per the request of the undersigned, and after counsel for Defendants instructed him he did not need to do comply, he refreshed his recollection and then came back on the record and provided their last names on the record.

5. Mr. Hershner had also testified that he commenced working for Water Damage Restoration in November 2023. He initially testified he could not remember when he started working for defendant 911 Sewer & Drain, but then claimed after further questioning that this occurred in the recent "fall/winter" 2024. He further testified that 911 Sewer & Drain is a "d/b/a" for Water Damage Restoration.[2]

6. He testified he has had two email addresses since November 2023:

   a. Travis@rootermanofnj.com

   b. Travis@911sewerdrain.com

7. He testified he does not delete any emails, and that his inbox/sent box in his email software would show the first time he used the 911sewerdrain.com email.

8. Mr. Hershner could not remember the first time he used the 911sewerdrain.com email, so he was asked to refresh his recollection and look back to see when this was.

---

[2] This would mean that there is a corporation, 911 Sewer & Drain Corporation (a defendant herein), and that another defendant herein, RM Water Damage Restoration, also does business as 911 Sewer and Drain.

9. He testified that looking back to the first time the email was used would take 5 minutes.

10. Counsel for Defendants instructed that Mr. Hershner would not do that. The parties were unable to reach agreement.

As further background, 911 Sewer & Drain Corporation is a defendant in this action because it is one of the entities, whether alone, or through RM Water Damage Restoration and others, that is improperly using Plaintiff's trademarks and competing with Plaintiff. It was formed and incorporated in New Jersey February 8, 2024. (See New Jersey Sec. of State: https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName; see also ECF 7-4) Moreover, the RootermanPlumberServices.com website at issue in Plaintiff's pending motion for injunctive relief, re-routed to the new 911 Sewer & Drain website at issue as well. (See Exhibit A hereto, Belegu Deposition Excerpt, pp. 130-137)

In other words, when 911 Sewer & Drain commenced operations is an important part of the expedited discovery Ordered in this case. The question and request of Mr. Hershner that he was instructed not to comply with is clearly a relevant area of discovery. And, given the testimony of the witness that refreshing his recollection was straightforward and would have taken 5 minutes, it is troubling that counsel for Defendants instructed that Mr. Hershner would not do that.[3]

Counsel's instruction is not consistent with this Court's January 29, 2025 Order that Defendants provide Plaintiff with expedited discovery. Pursuant to Local Rule 7.2, the undersigned conferred prior to making this motion but the parties were unable to narrow their

---

[3] Plaintiff attempted to contact the Court's Courtroom and Docket Clerks by email to address this matter in the moment, but was informed by such Clerks that this Court was in a hearing and Plaintiff should e-file a motion to obtain a ruling. Thus, given the time this would take, Plaintiff left open this area of questioning/follow up questioning at Mr. Hershner's deposition pending the Court's ruling on the anticipated motion, but still permitted counsel for Defendants to cross-examine on other areas. Counsel for Defendants did cross-examine on other areas but not the area at-issue herein.

dispute herein, but took all other steps to address open matters at such deposition so as to minimally inconvenience the witness. (See also Note 2)

WHEREFORE, for the reasons above, Mr. Hershner should be directed to refresh his recollection and answer this question and, any relevant follow up questions thereon, at a prompt reconvening of his deposition.

Respectfully submitted,

ROOTERMAN, LLC

By its Counsel

Dated: April 2, 2025

*/s/ Jeffrey Rosin*
Jeffrey M. Rosin, BBO# 629216
Lisbeth Valdez, BBO# 715826
O'HAGAN MEYER, PLLC
140 Kendrick Street, Bldg. C West
Needham, MA 02494
Telephone: (617) 843-6800
Fax: (617) 843-6810
jrosin@ohaganmeyer.com
lvaldez@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April 2025, *Plaintiff's Motion That Witness, Travis Hershner, Be Directed to Refresh His Recollection and Answer a Question at His Deposition* was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                          */s/ Jeffrey Rosin*
                                                          Jeffrey M. Rosin

**CERTIFICATE OF CONSULTATION**

I, Jeffrey M. Rosin, certify that on this 2nd day of April 2025, I conferred by with counsel for Defendants via video conference, providing the information above, and offering Defendants an opportunity to refute the information. The parties were unable to reach an agreement,

                                                          */s/ Jeffrey Rosin*
                                                         Jeffrey M. Rosin