UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rooterman, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>Klodian Belegu, Quality Air Care Corporation, RM Water Damage Restoration LTD, 911 Sewer & Drain Corporation,<br><br>*Defendants*,<br><br>and<br><br>Sandro Paterno, Paterno & Associates and 911 Plumbing & Restoration Inc.<br><br>*Reach and Apply Defendants.* | Civil Action No. 1:24-cv-13015 |

**LOCAL RULE 16.1 AMENDED JOINT STATEMENT**

Plaintiff Rooterman LLC, together with Defendants Klodian Belegu, Quality Air Care Corporation, Water Damage Restoration Ltd f/k/a RM Water Damage Restoration LTD, and 911 Sewer & Drain Corporation (collectively, "Original Defendants"), by their undersigned counsel, hereby submit their amended Joint Statement pursuant to Local Rule 16.1(d).

**JOINT CASE MANAGEMENT PLAN**

**I.   AMENDMENT OF PLEADINGS**

1. The parties have conferred and, although the parties currently have an arbitration with the American Arbitration Association on certain substantive claims, the parties wish to proceed in one forum: this Court. As such, pursuant to this parties' agreement and this Court's

Order of May 8, 2025, Plaintiff is filing its amended complaint, adding substantive claims that were in arbitration to the claims in this case, and Defendants will waive arbitration.

        2.    The Plaintiff has filed its Amended Complaint.

        3.    The courts are unsettled as to whether and how a defendant must replead or reassert counterclaims after the filing of an amended complaint. *See Progressive Labs., Inc. v. Living Fuel, Inc.*, No. 3:23-CV-2052-B, 2024 U.S. Dist. LEXIS 167252 (N.D. Tex. Aug. 27, 2024) and cases cited; *see also Doe v. Williston Northampton Sch.*, 766 F. Supp. 2d 310 (D. Mass. 2011)(acknowledging uncertainty). To avoid any uncertainty, Original Defendants state that they continue to assert and do not abandon their counterclaims and may replead them as may be warranted or required by the Court.

    II.    **DISCOVERY PLAN**

        a.    **Initial Disclosures**

        1.    The parties propose the following changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a)(1): Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by June 27, 2025.

        b.    **Fact Discovery**

        1.    The parties have agreed not to conduct discovery in phases or limited to any particular issues.

        2.    All discovery, other than expert discovery, will conclude on September 30, 2026, just after this Court's April 11, 2025 Order and injunction is currently set to expire.

        c.    **Expert Discovery**

        1.    Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 30, 2026.

    2. Plaintiff's trial experts must be deposed by November 30, 2026.

    3. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 15, 2027.

    4. Defendants' trial experts must be deposed by February 27, 2027.

    5. Depositions of all experts will be completed by March 15, 2027.

    **d. Electronically Stored Information**

The parties shall reasonably cooperate to agree upon the scope of discovery for electronically stored information, the format and media for the production of electronically stored information, and the procedure for such production.

    **e. Protective Order**

Should the need arise, the parties have agreed to submit to the Court a protective order that will address and resolve any issues the parties have regarding claims of privilege or other protections. A confidentiality protective order has been submitted and entered in the case.

**III. DISPOSITIVE MOTIONS**

The deadline for any summary judgment motion is April 30, 2027.

**IV. ALTERNATIVE DISPUTE RESOLUTION**

The parties agreed to Alternative Dispute Resolution and a mediation was held on May 15, 2025. The parties were unable to resolve the disputes herein at such mediation.

**V. TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by Magistrate Judge at this time.

**VI. SETTLEMENT**

Plaintiff has provided written settlement proposals to the Defendants. Defendants have provided responses and counter proposals.

Respectfully submitted,

PLAINTIFF ROOTERMAN, LLC

By its Counsel

Dated: May 28, 2025

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin, BBO# 629216
Lisbeth Valdez, BBO# 715826
O'HAGAN MEYER, PLLC
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: (617) 843-6800
Fax: (617) 843-6810
jrosin@ohaganmeyer.com
lvaldez@ohaganmeyer.com

DEFENDANTS KLODIAN BELEGU, QUALITY AIR CARE CORPORATION, WATER DAMAGE RESTORATION LTD f/k/a RM WATER DAMAGE RESTORATION LTD and 911 SEWER & DRAIN CORPORATION

By their Counsel

Dated: May 28, 2025

/s/ Jay M. Wolman
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776